UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

| | |
|---|---|
| GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN ALLIANCE INSURANCE COMPANY AND GREAT AMERICAN E & S INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF PIERCE AND KITSAP COUNTIES d/b/a YMCA OF PIERCE AND KITSAP COUNTIES,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

1. Plaintiffs Great American Assurance Company, Great American Alliance Insurance Company and Great American E & S Insurance Company, pursuant to 28 U.S.C. § 2201, by and through their undersigned attorneys, allege as follows:

## I. THE PARTIES

2. Plaintiff Great American Assurance Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Great American Assurance Company is engaged primarily in the business of selling insurance.



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

3. Plaintiff Great American Alliance Insurance Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Great American Alliance Insurance Company is engaged primarily in the business of selling insurance.

4. Plaintiff Great American E & S Insurance Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Great American E & S Insurance Company is engaged primarily in the business of selling insurance.

5. Plaintiffs Great American Assurance Company, Great American Alliance Insurance Company, and Great American E & S Insurance Company are referred to collectively herein as "Great American."

6. Defendant The Young Men's Christian Association of Pierce and Kitsap Counties, doing business as YMCA of Pierce and Kitsap Counties ("YMCA"), is a Washington nonprofit corporation with its principal place of business in Tacoma, Washington.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because plaintiffs are citizens of Ohio, the YMCA is a citizen of Washington, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Great American brings this action under 28 U.S.C. § 2201 for declaratory relief regarding the parties' respective rights and obligations under the policies of insurance described herein.

9. Venue is proper in the Tacoma Division of the Western District of Washington because the YMCA's principal place of business is located in Pierce County, Washington, and the acts and omissions giving rise to this action occurred in Pierce County and Kitsap County, Washington.



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

10. An actual and justiciable controversy exists between Great American and the YMCA over the existence of coverage under the insurance policies described herein for claims asserted by A.C. against the YMCA in the Underlying Lawsuit.

## III. THE UNDERLYING LAWSUIT

11. On June 30, 2026, A.C. filed a lawsuit captioned *A.C. v. Tacoma Public Schools, operating as Stanley Elementary School, a governmental entity; and The Young Men's Christian Association of Pierce and Kitsap Counties, d/b/a YMCA of Pierce and Kitsap Counties, a Washington nonprofit corporation* in the Superior Court of the State of Washington for Pierce County, Case No. 26-2-09711-4 (the "Underlying Lawsuit"). (A copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit A.)

12. The complaint filed in the Underlying Lawsuit (the "Underlying Complaint") alleges that YMCA volunteer, agent, and employee Kenneth Baines groomed and sexually abused A.C. when A.C. was approximately nine to ten years old.

13. The Underlying Complaint alleges that, in approximately 1979 to 1980,. Baines used his position of trust and authority as an employee of YMCA to groom and sexually abuse A.C. at facilities operated by the YMCA, while A.C. was under the supervision of, and in the care, custody, or control of the YMCA.

14. The Underlying Complaint alleges that the sexual abuse by the YMCA's employee, Baines, included, but was not limited to, forceful kissing, groping, fondling, and masturbation.

15. The Underlying Complaint alleges that the YMCA, through its agents, servants, and employees, knew or should have known that Baines was a sexual abuser of children who would use his position to sexually abuse A.C. and other children.



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

16. The Underlying Complaint further alleges that YMCA, through its agents, servants, and employees, concealed the sexual abuse of children by Baines in order to conceal its bad acts in failing to protect children from pervasive sexual abuse at Camp Seymour, to protect the YMCA's reputation, and to prevent victims of sexual abuse by Baines and other YMCA employees from coming forward, despite knowing that Baines and other YMCA employees would continue to sexually abuse children.

17. A.C. asserts causes of action against the YMCA for negligence and discrimination under the Washington Law Against Discrimination ("WLAD"). A.C. alleges that the YMCA was negligent in failing to protect him from foreseeable harm, failing to investigate and respond to reports and evidence of sexual abuse by Baines and other YMCA employees at Camp Seymour, and failing to adequately train and supervise YMCA employees. A.C. alleges that Baines sexually abused him based on his biological sex or gender, in violation of the WLAD, and that the YMCA is vicariously liable for Baines's violation of the WLAD.

18. On July 16, 2026, the YMCA tendered the Underlying Lawsuit to Great American for defense and indemnity. Great American agreed to defend the YMCA under a reservation of rights, and promptly filed this declaratory judgment action.

## IV. <u>THE POLICIES</u>

### A. The Exhausted Claims-Made Policy, Policy No. GLP 327-47-14-00

19. Great American E & S Insurance Company issued Abuse or Molestation Claims-Made Policy No. GLP 327-47-14-00 to YMCA for the period December 31, 2019 through March 31, 2020. (A copy of Policy No. GLP 327-47-14-00 is attached hereto as Exhibit B.) The insuring agreement provides, in relevant part:



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

**a.** We will pay those sums the Insured becomes legally obligated to pay as "damages" because of "abuse" to which this insurance applies.

We will have the right and duty to defend the Insured against any "suit" seeking those "damages." However, we will have no duty to defend the Insured against any claim or "suit" seeking "damages" because of "abuse" to which this insurance does not apply. We may, at our discretion, investigate any actual, threatened, or alleged "abuse" and settle any claim or "suit" that may result. But:

**(1)** the amount we will pay for "damages" and Expenses Reducing Limits of Insurance is limited as described in **SECTION IV - LIMITS OF INSURANCE** of this Coverage Form; and

**(2)** our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments, or settlements and Expenses Reducing Limits of Insurance.

* * *

**b.** This insurance applies to "abuse" only if:

**(1)** the "abuse" takes place in the "coverage territory";

**(2)** the "abuse" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

**(3)** a claim for "damages," because of "abuse," is first made against any insured, in accordance with paragraph c. below, during the policy period or any Extended Reporting Period we provide under **SECTION VI - EXTENDED REPORTING PERIODS**.

20. Claims-Made Policy No. GLP 327-47-14-00 has a Retroactive Date of July 1, 1974. YMCA purchased a Supplemental Extended Reporting Period of unlimited duration for Claims-Made Policy No. GLP 327-47-14-00.

21. Claims-Made Policy No. GLP 327-47-14-00 has a $300,000 each abuse limit and a $1,000,000 aggregate limit. The Aggregate Limit shown in the Declarations of the Abuse or



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

Molestation Coverage Part is the most Great American will pay for the sum of all "damages" and Expenses Reducing Limits of Insurance under the Abuse or Molestation Coverage Part.

22. The $1,000,000 aggregate limit of Claims-Made Policy No. GLP 327-47-14-00 was exhausted by Great American E & S Insurance Company's payment of other abuse claims against the YMCA, before the YMCA reported the A.C. claim and before A.C. filed the Underlying Lawsuit.

23. Great American notified the YMCA and its counsel that Policy No. GLP 327-47-14-00 was exhausted by letter, dated March 17, 2026. (A copy of the exhaustion letter is attached hereto as Exhibit C.) The YMCA has never disputed that Policy No. GLP 327-47-14-00 is exhausted.

**B. The Expired Claims-Made Policy, Policy No. GLP 327-47-14-01**

24. Great American E & S Insurance Company issued Abuse or Molestation Claims-Made Policy No. GLP 327-47-14-01 to the YMCA for the period March 31, 2020 through December 31, 2020. Policy No. GLP 327-47-14-01 contains the same insuring agreement as Policy No. GLP 327-47-14-00, quoted in paragraph 20, above. Policy No. GLP 327-47-14-01 also has a July 1, 1974 Retroactive Date. (A copy of Policy No. GLP 327-47-14-01 is attached hereto as Exhibit D.)

25. Claims-Made Policy No. GLP 327-47-14-01 provides a basic extended reporting period. The basic extended reporting period is defined as follows::

> **3.** A Basic Extended Reporting Period is automatically provided without additional charge. This period starts with the end of the policy period and lasts for:
>
> **a.** Five years with respect to claims because of an act of "abuse" reported to us, not later than 60 days after the end of the policy period, in accordance with paragraph **2.a.** of



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

the **SECTION V - DUTIES IN THE EVENT OF ABUSE, CLAIM OR SUIT.**

**b.** Sixty days with respect to claims arising out of an act of "abuse" not previously reported to us.

26. The YMCA did not purchase a supplemental extended reporting period for Claims-Made Policy No. GLP 327-47-14-01. Therefore, the Basic Extended Reporting Period ended on December 31, 2025 for claims arising out of an act of "abuse" reported to Great American by March 1, 2021. The Basic Extended Reporting Period ended on March 1, 2021 for claims arising out of an act of "abuse" not previously reported to Great American.

**C. The Primary Package Policies in Effect from December 31, 2019 through July 1, 2026**

27. Great American Assurance Company issued the following primary policies to the YMCA as named insured: Package Policy No. PAC 327-46-41-00 (effective December 31, 2019 through December 31, 2020), PAC 327-46-41-01 (effective December 31, 2020 through July 1, 2021), PAC 327-46-41-02 (effective July 1, 2021 through July 1, 2022), PAC 327-46-41-03 (effective July 1, 2022 through July 1, 2023), PAC 327-46-41-04 (effective July 1, 2023 through July 1, 2024), PAC 327-46-41-05 (effective July 1, 2024 through July 1, 2025), and PAC 327-46-41-06 (effective July 1, 2025 through July 1, 2026) (collectively, the "Package Policies"). (Copies of the Package Policies are attached hereto as Exhibits E - K.)

28. The Package Policies are primary policies that include commercial general liability coverage, professional liability coverage, and abuse or molestation coverage.

29. Each Package Policy provides the following limits: $1,000,000 each occurrence and $3,000,000 general aggregate under the commercial general liability coverage part; $1,000,000 each act, error, or omission and $3,000,000 aggregate under the professional liability



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

coverage part; and $1,000,000 each abuse and $3,000,000 aggregate under the abuse or molestation coverage.

30. The insuring agreement of the commercial general liability coverage of the Package Policies provides, in relevant part:

> **a.** We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
>
> * * *
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** the "bodily injury" or "property damage" occurs during the policy period; and
>
> **(3)** prior to the policy period, no insured listed under paragraph **1.** of **SECTION II – WHO IS AN INSURED** and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

31. The insuring agreement of the professional liability coverage of the Package Policies provides, in relevant part:

> a. We will pay those sums the Insured becomes legally obligated to pay as "damages" because of any act, error, or omission committed by:
>
> (1) an insured in the rendering of or failure to render "Professional Services"; or
>
> (2) another person or organization for whom the Named Insured is vicariously liable, in the course of that person's or organization's rendering of or failure to render "Professional Services" for or on behalf of the Named Insured;



**CLYDE & CO US LLP**
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

as part of the Named Insured's operations as a social service, human service, religious, educational, or cultural organization.

* * *

b. This insurance applies to the "damages" described in 1.a., above, only if:

(1) the act, error, or omission takes place in the "coverage territory,"

(2) the act, error, or omission takes place during the policy period, and

(3) prior to the policy period, no insured knew that the act, error, or omission had occurred, in whole or in part.

32. The commercial general liability and professional liability coverage parts of the Package Policies each contain exclusions for "abuse."

a. The Commercial General Liability coverage part in each Package Policy contains an endorsement, titled Exclusion – Abuse, Molestation, Harassment or Sexual Conduct (Form CG 90 83 (Ed. 06/17)), which provides, in relevant part:

This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of:

**(a)** the actual, threatened or alleged "abuse", molestation, harassment or sexual conduct by anyone of any person; or

**(b)** the negligent:

**(i)** employment;

**(ii)** investigation;

**(iii)** supervision;

**(iv)** reporting to the proper authorities,

**(v)** or failure to so report;

**(vi)** retention; or

**(vii)** referral

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **a.** above.



**CLYDE & CO US LLP**
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

The endorsement defines "abuse," in relevant part, as follows:

> **a.** any actual, threatened, or alleged act, error, omission, conduct, or misconduct, that a claim or "suit" alleges to be, or to constitute, any form of abuse (including, but not limited to, elder abuse, child abuse, patient abuse, or abuse of a dependent person) under any applicable state or federal statute or regulation; and
>
> **b.** any actual, threatened, or alleged act, error, omission, conduct, or misconduct, of one or more of the following kinds:
>
> **(1)** sexual behavior, sexual conduct or misconduct, sexual assault, sexual battery, sexual abuse, or sexual molestation, of or directed at a person;
>
> **(2)** non-sexual assault, non-sexual battery, or non-sexual abuse, of or directed at a person; and
>
> **(3)** any:
>
> **(i)** employment;
>
> **(ii)** investigation;
>
> **(iii)** supervision;
>
> **(iv)** reporting to proper authorities, or failure to so report; or
>
> **(v)** retention in employment; of any person committing conduct or misconduct described in **b.(1)** or **b.(2)**; or
>
> **(vi)** referral of a patient, student, parishioner, client, or person, to any other person whose conduct or misconduct is described in **a.**, **b.(1)**, or **b.(2)**.
>
> Conduct or misconduct described in **b.(1)** through **b.(3)** constitutes "abuse" within the meaning of this definition regardless of whether or not it is alleged to be negligent, reckless, knowing, intentional, fraudulent, oppressive, malicious, or otherwise.

b. The professional liability coverage provides, in relevant part, that the insurance does not apply to "[d]amages" because of any liability arising out of "Abuse." "Abuse" is defined in the professional liability coverage part the same as it is defined the commercial general liability coverage part. See Exhibits E - K.

33. While the commercial general liability and professional liability coverage parts of the Package Policies exclude coverage for "abuse," the Package Policies contain a separate abuse



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

or molestation coverage part. The insuring agreement of the abuse or molestation coverage part, Form CG 85 98 (Ed. 01/12), provides, in relevant part:

> **a.** We will pay those sums the Insured becomes legally obligated to pay as "damages" because of "abuse" to which this insurance applies.
>
> **b.** This insurance applies to "abuse" only if:
>
> **(1)** the "abuse" takes place in the "coverage territory";
>
> **(2)** the "abuse" takes place during the policy period; and
>
> **(3)** prior to the policy period, no insured knew the "abuse" had occurred, in whole or in part. If any insured knew, prior to the policy period, that the "abuse" had occurred, in whole or in part, then any continuation, change, or resumption of such "abuse" during or after the policy period will be deemed to have been known prior to the policy period.

34. "Abuse" is defined in the abuse or molestation coverage part the same as it is defined in the commercial general liability and professional liability coverage parts. See Exhibits E - K.

**D. The Commercial Umbrella Liability Policies in Effect from December 31, 2019 through July 1, 2026**

35. Great American Alliance Insurance Company issued the following Commercial Umbrella policies to the YMCA as named insured: Policy Nos. UMB 3-27-46-43-00 (effective December 31, 2019 through December 31, 2020), UMB 3-27-46-43-01 (effective December 31, 2020 through July 1, 2021), UMB 3-27-46-43-02 (effective July 1, 2021 through July 1, 2022), UMB 3-27-46-43-03 (effective July 1, 2022 through July 1, 2023), UMB 3-27-46-43-04 (effective July 1, 2023 through July 1, 2024), UMB 3-27-46-43-05 (effective July 1, 2024 through July 1, 2025), and UMB 3-27-46-43-06 (effective July 1, 2025 through July 1, 2026) (collectively, the "Umbrella Policies"). (Copies of the Umbrella Policies are attached hereto as Exhibits L - R.)



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

36. The Umbrella Policies provide an excess layer of coverage above the specific coverages listed in the underlying schedule of insurance. The schedule of underlying insurance in each Umbrella Policy lists the commercial general liability, professional liability, and abuse or molestation coverage of the Package Policy in effect during the same policy period.

37. None of the Umbrella Policies lists the claims-made policies, policy numbers GLP 327-47-14-00 and GLP 327-47-14-01, on the schedule of underlying insurance.

38. The insuring agreement of the 2019–2025 Umbrella Policies attached as Exhibits L through Q, commercial umbrella coverage form, Form GAI 6002 (Ed. 04/10) XS, provides, in relevant part:

> **A.** We will pay on behalf of the "Insured" those sums in excess of the "retained limit" that the "Insured" becomes legally obligated to pay as damages, by reason of liability imposed by law or assumed by the "Insured" under an "insured contract," because of:
>
> **1.** "bodily injury" or "property damage" that takes place; or
>
> **2.** "personal injury" or "advertising injury" arising from an offense committed;
>
> during the Policy Period and caused by an "occurrence" happening anywhere.

39. The 2019–2025 Umbrella Policies attached as Exhibits L through Q include the Professional Liability Coverage – Following Form endorsement, Form GAI 6029 (Ed. 08/14). This endorsement replaces the insuring agreement quoted in paragraph 39, above, with the following insuring agreement when the Schedule of Underlying Insurance lists professional liability coverage:

> **B.** This policy follows form to the remaining sections of the "underlying insurance" that provides coverage for any act, error, or omission of the "Insured" arising out of the "Insured's" rendering



**CLYDE & CO US LLP**
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

> or failure to render “professional services” under **Section I - PROFESSIONAL LIABILITY COVERAGE**

40. The 2019–2025 Umbrella Policies attached as Exhibits L through Q include the Abuse or Molestation Coverage – Following Form endorsement, Form GAI 7251 (Ed. 08/14). This endorsement replaces the insuring agreement quoted in paragraph 39, above, with the following insuring agreement when the Schedule of Underlying Insurance lists abuse or molestation coverage:

> **B.** This policy follows form to the remaining sections of the “underlying insurance” that provides “abuse” coverage under **Section I. ABUSE OR MOLESTATION COVERAGE**.

* * *

41. The 2025–2026 Umbrella Policy attached as Exhibit R contains Specialty Umbrella Policy Form UMS 0001 (Ed. 06/19), Professional Liability Coverage – Following Form endorsement UMS 4027 (Ed. 06/19), and Abuse or Molestation Coverage – Following Form endorsement UMS 4000 (Ed. 06/19). The professional liability and abuse or molestation endorsements follow form to the corresponding coverage listed in the Schedule of Underlying Insurance. See Exhibit R.

## V. <u>FIRST CAUSE OF ACTION</u>

**DECLARATORY RELIEF THAT GREAT AMERICAN E & S INSURANCE COMPANY HAS NO DUTY TO DEFEND OR INDEMNIFY THE YMCA UNDER CLAIMS-MADE POLICY NO. GLP 327-47-14-01**

**(Claim Not Made Within Policy Period or Extended Reporting Period)**

42. Great American realleges and incorporates by reference the allegations in paragraphs 1 through 41 as if fully set forth herein.

///



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

43. Great American E & S Insurance Company issued Policy No. GLP 327-47-14-01 to the YMCA for the policy period March 31, 2020 through December 31, 2020.

44. Policy No. GLP 327-47-14-01 provides coverage for a claim for "damages" because of "abuse" only if the claim is first made against an insured during the policy period or an applicable Extended Reporting Period.

45. Policy No. GLP 327-47-14-01 provides a Basic Extended Reporting Period of five years for claims because of an act of "abuse" reported to Great American E & S Insurance Company no later than 60 days after the policy period ended, and 60 days for claims arising out of an act of "abuse" not previously reported to Great American E & S Insurance Company.

46. The YMCA did not purchase a Supplemental Extended Reporting Period for Policy No. GLP 327-47-14-01.

47. Neither A.C.'s claim nor the alleged "abuse" of A.C. was reported to Great American E & S Insurance Company during the policy period or within 60 days after the policy expired on December 31, 2020.

48. A.C. filed the Underlying Lawsuit against the YMCA on June 30, 2026, more than five years after Policy No. GLP 327-47-14-01 expired.

49. Great American E & S Insurance Company seeks a declaration from this Court that it has no duty to defend the YMCA in the Underlying Lawsuit under Policy No. GLP 327-47-14-01 because A.C.'s claim was not made during the policy period or any applicable extended reporting period.

50. Great American E & S Insurance Company seeks a declaration from this Court that it has no duty to indemnify the YMCA under Policy No. GLP 327-47-14-01 for damages, if any, the YMCA owes A.C. because A.C.'s claim was not made during the policy period or any



**CLYDE & CO US LLP**
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

applicable extended reporting period.

## VI. SECOND CAUSE OF ACTION

## DECLARATORY RELIEF THAT GREAT AMERICAN E & S INSURANCE COMPANY HAS NO DUTY TO DEFEND OR INDEMNIFY YMCA UNDER CLAIMS-MADE POLICY NO. GLP 327-47-14-00

**(Policy Exhaustion)**

51. Great American E & S Insurance Company realleges and incorporates by reference the allegations in paragraphs 1 through 50 as if fully set forth herein.

52. Great American E & S Insurance Company issued Policy No. GLP 327-47-14-00 to YMCA for the policy period December 31, 2019 through March 31, 2020.

53. Policy No. GLP 327-47-14-00 provides that Great American E & S Insurance Company's right and duty to defend end when it has used up the applicable Limit of Insurance in the payment of judgments, settlements, and Expenses Reducing Limits of Insurance.

54. The $1,000,000 aggregate limit of Policy No. GLP 327-47-14-00 was exhausted on February 27, 2026 by Great American E & S Insurance Company's payment of other claims against the YMCA.

55. Great American E & S Insurance Company seeks a declaration from this Court that it has no duty to defend the YMCA in the Underlying Lawsuit under Policy No. GLP 327-47-14-00 because the applicable policy limits were exhausted before the YMCA tendered the Underlying Lawsuit to Great American.

56. Great American E & S Insurance Company seeks a declaration from this Court that it has no duty to indemnify the YMCA in the Underlying Lawsuit under Policy No. GLP 327-47-14-00 because the applicable policy limits are exhausted.



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

## VII. THIRD CAUSE OF ACTION

**DECLARATORY RELIEF THAT GREAT AMERICAN ASSURANCE COMPANY HAS NO DUTY TO DEFEND OR INDEMNIFY YMCA UNDER THE COMMERCIAL GENERAL LIABILITY COVERAGE OF THE PACKAGE POLICIES**

**(No Bodily Injury During Policy Period; No Coverage for "Abuse")**

57. Great American Assurance Company realleges and incorporates by reference the allegations in paragraphs 1 through 56 as if fully set forth herein.

58. Great American Assurance Company issued the Package Policies to the YMCA for policy periods beginning December 31, 2019 and ending July 1, 2026.

59. The commercial general liability coverage of the Package Policies provides coverage for "bodily injury" only if the "bodily injury" is caused by an "occurrence" that takes place in the "coverage territory" and the "bodily injury" occurs during the applicable policy period.

60. The Underlying Complaint alleges that A.C. sustained bodily injury as a result of abuse occurring in approximately 1979 to 1980, nearly four decades before the first Package Policy incepted on December 31, 2019.

61. The commercial general liability coverage of the Package Policies contains an exclusion for "bodily injury," "property damage," and "personal and advertising injury" arising out of actual, threatened, or alleged "abuse," molestation, harassment, or sexual conduct.

62. The exclusion also applies to injury arising out of the negligent employment, investigation, supervision, reporting to the proper authorities or failure to report, retention, or referral of a person for whom an insured is or ever was legally responsible and whose conduct would otherwise be excluded.



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

63. A.C. seeks damages in the Underlying Lawsuit for injuries arising out of Baines's alleged sexual abuse, which A.C. alleges occurred due to the YMCA's negligent employment and supervision of Baines, the YMCA's failure to report abuse and investigate reports of abuse, and the YMCA's failure to protect minors from sexual abuse despite knowing that sexual abuse was pervasive at Camp Seymour.

64. The allegations against the YMCA in the Underlying Lawsuit all fall within the scope of the abuse, molestation, harassment or sexual conduct exclusion.

65. Great American Assurance Company seeks a declaration from this Court that it has no duty to defend the YMCA in the Underlying Lawsuit under the commercial general liability coverage part of the Package Policies because A.C. does not allege that he suffered "bodily injury" during the policy period.

66. Great American Assurance Company seeks a declaration from this Court that it has no duty to defend the YMCA in the Underlying Lawsuit under the commercial general liability coverage part of the Package Policies because A.C. seeks damages for injuries arising out of "abuse," and therefore coverage is precluded by the abuse, molestation, harassment, or sexual conduct exclusion, form CG 90 83 (Ed. 06/17).

67. Great American Assurance Company seeks a declaration from this Court that it has no duty to indemnify the YMCA under the commercial general liability coverage part of the Package Policies because the damages, if any, the YMCA owes A.C. are for "bodily injury" that did not occur during any of the Package Policy periods.

68. Great American Assurance Company seeks a declaration from this Court that it has no duty to indemnify the YMCA under the commercial general liability coverage part of the Package Policies because the damages, if any, the YMCA owes A.C. are for bodily injury arising



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

out of "abuse," and therefore coverage is precluded by the abuse, molestation, harassment, or sexual conduct exclusion, form CG 90 83 (Ed. 06/17).

## VIII. FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF THAT GREAT AMERICAN ASSURANCE COMPANY HAS NO DUTY TO DEFEND OR INDEMNIFY THE YMCA UNDER THE PROFESSIONAL LIABILITY COVERAGE OF THE PACKAGE POLICIES

**(No Act, Error, or Omission During Policy Period; No Coverage for "Abuse")**

69. Great American Assurance Company realleges and incorporates by reference the allegations in paragraphs 1 through 68 as if fully set forth herein.

70. The professional liability coverage of the Package Policies applies to "damages" because of an act, error, or omission in the rendering of or failure to render "Professional Services" only if the act, error, or omission takes place in the "coverage territory" and during the applicable policy period.

71. A.C. alleges that he was abused by Baines in approximately 1979 to 1980. A.C. alleges that he was abused by Baines in part due to the YMCA's negligent employment and supervision of Baines, and negligent failure to investigate, report, or prevent sexual abuse. The YMCA's acts, errors, or omissions that resulted in A.C. suffering abuse in 1979 and 1980 could not have occurred 40 years after the abuse itself occurred, between December 31, 2019 and July 1, 2026, when the Package Policies were in effect.

72. The professional liability coverage of the Package Policies excludes "damages" because of liability arising out of "abuse."

73. A.C. seeks damages in the Underlying Lawsuit for injuries arising out of Baines's alleged abuse and the YMCA's alleged negligent employment, investigation, supervision,



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

reporting, failure to report, and retention of Baines.

74. The allegations against the YMCA in the Underlying Lawsuit all fall within the scope of the abuse exclusion.

75. Great American Assurance Company seeks a declaration from this Court that it has no duty to defend the YMCA in the Underlying Lawsuit under the professional liability coverage part of the Package Policies because A.C. does not seek damages for an act, error, or omission in the rendering of or failure to render professional services that took place during the policy period.

76. Great American Assurance Company seeks a declaration from this Court that it has no duty to defend the YMCA in the Underlying Lawsuit under the professional liability coverage part of the Package Policies because A.C. seeks damages for injuries arising out of "abuse," and therefore coverage is precluded by the abuse exclusion.

77. Great American Assurance Company seeks a declaration from this Court that it has no duty to indemnify the YMCA under the professional liability coverage part of the Package Policies because the damages, if any, the YMCA owes A.C. are for acts, errors, or omissions in the rendering of or failure to render professional services that took place before the first Package Policy incepted on December 31, 2019.

78. Great American Assurance Company seeks a declaration from this Court that it has no duty to indemnify the YMCA under the professional liability coverage part of the Package Policies because the damages, if any, the YMCA owes A.C. arise out of "abuse," and therefore coverage is precluded by the abuse exclusion.

///

///



**CLYDE & CO US LLP**
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

## IX. FIFTH CAUSE OF ACTION

**DECLARATORY RELIEF THAT GREAT AMERICAN ASSURANCE COMPANY HAS NO DUTY TO DEFEND OR INDEMNIFY THE YMCA UNDER THE ABUSE OR MOLESTATION COVERAGE OF THE PACKAGE POLICIES**

**(No Abuse During the Policy Periods)**

79. Great American Assurance Company realleges and incorporates by reference the allegations in paragraphs 1 through 78 as if fully set forth herein.

80. The abuse or molestation coverage of the Package Policies applies to "damages" because of "abuse" only if the "abuse" takes place in the "coverage territory" and during the applicable policy period.

81. A.C. alleges that he suffered "abuse" in approximately 1979 to 1980.

82. A.C. alleges that he suffered "abuse" in 1979 to 1980 due to the YMCA's negligent employment and supervision of Baines, negligent failure to investigate or report abuse, and negligent failure to monitor staff to protect children from abuse.

83. A.C. does not allege that he suffered any "abuse" after December 31, 2019. A.C. does not allege that the YMCA's negligence after December 31, 2019 caused him to suffer "abuse" 40 years earlier, in 1979 to 1980.

84. Great American Assurance Company seeks a declaration from this Court that it has no duty to defend the YMCA in the Underlying Lawsuit under the abuse or molestation coverage part of the Package Policies because A.C. does not allege that he suffered "abuse" during any of the Package Policy periods.

85. Great American Assurance Company seeks a declaration from this Court that it has no duty to indemnify the YMCA under the abuse or molestation coverage part of the



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

Package Policies because the YMCA's liability if any, to A.C. is not for "abuse" that occurred during the Package Policy periods.

**X. SIXTH CAUSE OF ACTION**

**DECLARATORY RELIEF THAT GREAT AMERICAN ALLIANCE INSURANCE COMPANY HAS NO DUTY TO DEFEND OR INDEMNIFY THE YMCA UNDER THE UMBRELLA POLICIES**

**(Umbrella Policies Follow Form to Package Policies)**

86. Great American Alliance Insurance Company realleges and incorporates by reference the allegations in paragraphs 1 through 85 as if fully set forth herein.

87. The Umbrella Policies issued by Great American Alliance Insurance Company provide an excess layer of coverage above the policies and coverage parts listed on the Schedule of Underlying Insurance.

88. The Schedule of Underlying Insurance of each Umbrella Policy lists the commercial general liability, professional liability, and abuse or molestation coverage parts of the primary Package Policies in effect during the same respective policy periods.

89. When the commercial general liability coverage of the underlying Package Policy applies, the commercial umbrella coverage, like the underlying commercial general liability coverage, affords coverage for "bodily injury" that takes place during the policy period and is caused by an "occurrence."

90. When the professional liability coverage of the underlying Package Policy applies, the commercial umbrella coverage follows the terms and conditions of the underlying professional liability coverage part.

///



CLYDE & CO US LLP
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

91. When the abuse or molestation coverage of the underlying Package Policy applies, the commercial umbrella coverage follows the terms and conditions of the underlying abuse or molestation coverage part.

92. Great American Alliance Insurance Company seeks a declaration from this Court that it has no duty to defend or indemnify the YMCA under the Umbrella Policies because the Package Policies do not afford defense or indemnity coverage for the Underlying Lawsuit or damages, if any, the YMCA owes A.C.

**PRAYER FOR RELIEF**

WHEREFORE, Great American Assurance Company, Great American Alliance Insurance Company and Great American E & S Insurance Company pray for the following relief:

1. Declaratory judgment that Great American E & S Insurance Company has no duty to defend the YMCA in the Underlying Lawsuit under the Abuse or Molestation Claims-Made Policy Nos. GLP 327-47-14-00 and GLP 327-47-14-01;

2. Declaratory judgment that Great American E & S Insurance Company has no duty to indemnify the YMCA under the Abuse or Molestation Claims-Made Policy Nos. GLP 327-47-14-00 and GLP 327-47-14-01 for damages, if any, the YMCA owes A.C.

3. Declaratory judgment that Great American Assurance Company has no duty to defend the YMCA in the Underlying Lawsuit under Package Policy Nos. PAC 327-46-41-00, PAC 327-46-41-01, PAC 327-46-41-02, PAC 327-46-41-03, PAC 327-46-41-04, PAC 327-46-41-05, and PAC 327-46-41-06.

4. Declaratory judgment that Great American Assurance Company has no duty to indemnify the YMCA under Package Policy Nos. PAC 327-46-41-00, PAC 327-46-41-01, PAC 327-46-41-02, PAC 327-46-41-03, PAC 327-46-41-04, PAC 327-46-41-05, and PAC 327-46-41-



**CLYDE & CO US LLP**
401 Union Street, Suite 1400
Seattle, Washington 98101
Tel: (206) 689-8500 / Fax: (206) 689-8501

06 for damages, if any, that the YMCA owes A.C.

5. Declaratory judgment that Great American Alliance Insurance Company has no duty to defend the YMCA in the Underlying Lawsuit under Umbrella Policy Nos. UMB 3-27-46-43-00, UMB 3-27-46-43-01, UMB 3-27-46-43-02, UMB 3-27-46-43-03, UMB 3-27-46-43-04, UMB 3-27-46-43-05, and UMB 3-27-46-43-06;

6. Declaratory judgment that Great American Alliance Insurance Company has no duty to indemnify the YMCA under Umbrella Policy Nos. UMB 3-27-46-43-00, UMB 3-27-46-43-01, UMB 3-27-46-43-02, UMB 3-27-46-43-03, UMB 3-27-46-43-04, UMB 3-27-46-43-05, and UMB 3-27-46-43-06 for the damages, if any, the YMCA owes A.C.

7. Award of Plaintiffs' attorneys' fees and costs to the extent permitted by law; and

8. Such other and further relief as this Court deems just and proper.

Dated this 23rd day of September, 2026.

CLYDE & CO US LLP

By: /s/ *Danielle McKenzie*

Alexander E. Potente, WSBA #48858
Danielle N. McKenzie, WSBA #49715
Clyde & Co US LLP
401 Union Street, Suite 1400
Seattle, WA 98101
Phone: (206) 689-8500
Email: *alex.potente@clydeco.us*
*danielle.mckenzie@clydeco.us*

*Attorneys for Plaintiffs GREAT AMERICAN ASSURANCE COMPANY, GREAT AMERICAN ALLIANCE INSURANCE COMPANY AND GREAT AMERICAN E & S INSURANCE COMPANY*